Derek T. Anderson (SBN 208141)
*anderson_dt@hotmail.com*
**DEREK T. ANDERSON, ATTORNEY AT LAW**
1850 Fifth Avenue
San Diego, California 92101
Telephone: (619) 237-0099
Facsimile: (619) 237-0199

Attorney for Plaintiff, ABRAM RODRIGUEZ

**FILED**
08 MAR -7 PM 2:35
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY: _____ DEPUTY

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ABRAM RODRIGUEZ, <br><br> Plaintiff, <br><br> v. <br><br> INTERNATIONAL LONGSHORE AND WAREHOUSE UNION LOCAL 29; INTERNATIONAL LONGSHORE AND WAREHOUSE UNION, <br><br> Defendants. | Case No. **'08 CV 0433 H BLM** <br><br> **COMPLAINT FOR VIOLATIONS OF THE LABOR MANAGEMENT REPORTING AND DISCLOSURE ACT (LMRDA) · BREACH OF CONTRACT · BREACH OF COVENANT OF GOOD FAITH AND FAIR DEALING · TORTIOUS INTERFERENCE WITH ECONOMIC RELATIONS · PUNITIVE DAMAGES** <br><br> **DEMAND FOR JURY TRIAL** |

Plaintiff alleges:

### PRELIMINARY STATEMENT

1.  This action seeks compensatory, declaratory, and other appropriate relief for damages to the plaintiff by the defendants and/or their agents in violating his rights as a member of a labor organization, including recalling him from his office as president of his local union as a result of the faithful exercise of his duties while occupying that position, and thereafter harassing, retaliating against and engaging in prohibited discipline against him for engaging in protected labor

activities, including activities relating to the exercise of his rights as a union member, his conduct as president of his local union, and his protest of the improper and illegal manner in which certain affairs of the local union and the recall election were conducted. Plaintiff contends the actions taken by the defendants violated §§411, 412, 481, 482, and 529 of the Labor Management Reporting and Disclosure Act (LMRDA), the Constitution of the International Longshore and Warehouse Union (ILWU), the Constitution and Bylaws of the International Longshore and Warehouse Union, Local 29 (Local 29) and the Pacific Coast Longshore Contract Document between ILWU and Pacific Maritime Association (PMA). Plaintiff's federal law claims are brought pursuant to the LMRDA, 29 U.S.C. §412.

## JURISDICTION

2. Jurisdiction is conferred upon this Court by 28 U.S.C. §1331, Federal Question Jurisdiction. Supplemental jurisdiction over plaintiff's state and common law claims exist pursuant to 28 U.S.C. §1367. The jurisdiction of this Court is invoked to secure protection of and redress of the deprivation of rights guaranteed by federal law, which rights provide for relief for violation of a member's rights by a labor organization.

3. All complaints and/or wrongful actions alleged herein were committed within the jurisdiction of this Court.

## PARTIES

4. Plaintiff Abram Rodriguez (Rodriguez) is an adult male individual, a member of defendant ILWU Local 29, and resides in the Southern District of California.

5. At all times mentioned herein, plaintiff was a longshore worker and a registered member of defendant ILWU Local 29. ILWU Local 29 is a collective bargaining representative for longshore workers who work primarily in the Port of San Diego and is a "labor organization," as that term is used and defined in 29 U.S.C. §401, *et seq*. Local 29 acts as the authorized agent of its members with

respect to, *inter alia*, union elections, registration, hiring, dispatch, and discipline of its membership and is headquartered in San Diego, California.

6. At all times mentioned herein, defendant ILWU is the parent organization for all longshore locals in California, Oregon, and Washington, and all employees performing work under the scope, terms and conditions of the Pacific Coast Longshore Contract Document existing between it and PMA. The ILWU, headquartered in San Francisco, California, is also a "labor organization" as that term is used and defined in 29 U.S.C. §411, *et seq.*, and acts as the final appellate body for all appeals for disciplinary actions brought against its members, including the appeal of defendant Local 29's decisions pertaining to the plaintiff which, in part, are the subject of this action.

## FIRST CLAIM FOR RELIEF
## 29 U.S.C. §§ 412 and 529
*Against Both Defendants*

7. Plaintiff realleges and incorporates herein by reference the allegations set forth above.

8. As a registered longshoreman and member of Local 29 with approximately 50 years of experience and having held union office many times previously, plaintiff was elected as the president of Local 29 in June 2007.

9. In his capacity as president of Local 29, plaintiff was the principal executive officer of Local 29, and was responsible for, *inter alia*, enforcing the observance of Local 29's Constitution and Bylaws.

10. In or about November, 2007, plaintiff implemented dispatch procedures agreed upon with PMA and Local 29 which ensured that longshoremen in the Port of San Diego shall not have more than one 8-hour guaranteed shift in any one day. Following the implementation of the dispatch procedures an improper and illegal recall petition which violated the Constitution and Bylaws of Local 29 was presented at a stop work meeting on or about December 11, 2007.

At that meeting, plaintiff was presented with a copy of the recall petition and asked to step down immediately as president of Local 29. After requesting a copy of the charges brought against him, plaintiff was threatened with physical violence, arrest and deregistration if he did not give up his chair immediately. After plaintiff called for an emergency dismissal of the meeting, he was shouted down while the vice-president of Local 29 assumed plaintiff's chair and resumed the meeting as interim president over his objection.

11. On or about December 14, 2007, plaintiff sent a letter to the president of the ILWU requesting the intervention of the ILWU to remedy the conflict, described above, which occurred due to, among other things, the implementation of dispatch rules and procedures described above and the improper attempts to recall plaintiff from his elected office as president of Local 29.

12. On or about December 27, 2007, plaintiff and his brother were improperly disciplined by Local 29 due to plaintiff's implementation of dispatch rules and procedures and opposition to his recall when Local 29 arbitrarily decided that they not be dispatched in the work rotation as super cargo clerks unless they were to take super cargo training and testing, even though plaintiff and his brother had already been determined by PMA and Local 29 to be qualified to perform that work. PMA has refused to abide by Local 29's decision.

13. On or about January 9, 2008, plaintiff was inhibited at Local 29's general membership meeting from presenting a defense to the charges concerning the recall vote which was scheduled to take place on January 11, 2008.

14. On or about January 10, 2008, plaintiff's attorney sent a letter to the president of the ILWU requesting the ILWU's intervention in the recall election scheduled for January 11, 2008, based upon, among other things, irregularities in the recall petition and recall process, the inability of plaintiff to raise a defense, concerns about certain members of Local 29 intentionally being excluded from voting to ensure the recall was successful, and the failure of Local 29 and the

ILWU to honor their duty of fair representation with respect to plaintiff's right to be defended against the charges brought against him

15. An improper and illegal recall election was conducted at a stop work meeting on or about January 11, 2008, and plaintiff was thereafter informed he had been removed from office as president of Local 29.

16. The same day, plaintiff filed a contestation of the election with elected representatives of Local 29's balloting committee and its secretary/treasurer. In addition, plaintiff sent his contestation to, among others, the president of the ILWU.

17. On January 15, 2008, plaintiff was improperly disciplined for exercising his rights stated herein due to being denied his salary for serving as the president of Local 29 in the month of December 2007.

18. In the days following his contestation of the election, plaintiff and his brother were approached by members of Local 29 who told them, "They are going after you and one way or the other they are going to get you," and similar comments about harming plaintiff, his being under investigation and that he was going to be in big trouble for his actions as president of Local 29, including the implementation of dispatch rules and procedures discussed above.

19. In spite of his protests before and after the recall election, neither Local 29 or the ILWU intervened on plaintiff's behalf, and on February 8, 2008, plaintiff was personally delivered a letter from the acting president of Local 29 which claimed that any challenge to the recall was deemed mooted to the extent it was alleged that plaintiff was not eligible to run for the office of president when he was elected in June, 2007. The president of the ILWU was also sent a copy of the letter.

20. Therefore, plaintiff has exhausted all applicable administrative and contractual procedures and requirements to bring this suit.

///

21. The defendants' actions violate LMRDA §529 and are actionable under §412.

22. As a direct and proximate result of the unlawful conduct of defendants, plaintiff has been directly and legally caused to suffer noneconomic and economic damages, including lost wages and compensation, and will continue to suffer future losses, all in amounts to be proven at trial, together with legal, injunctive, and equitable relief as may be appropriate, with appropriate back pay and pre-judgment interest.

23. Further, the actions of defendants were willful, wanton, and/or malicious, and plaintiff is therefore entitled to an award of punitive damages in an amount to be proven at trial, including attorney fees and costs, incurred herein.

## SECOND CLAIM FOR RELIEF

## 29 U.S.C. §§ 411 and 529

*Against Both Defendants*

24. Plaintiff realleges and incorporates by reference the allegations set forth above.

25. Between November 2007 and February 2008, defendant Local 29 engaged in improper discipline against plaintiff based upon allegations that in his role as President of Local 29 he violated certain provisions of Local 29's Constitution and Bylaws. In bringing charges, plaintiff was informed by Local 29 that he had been charged with violating various general principles set forth in Local 29's Constitution concerning the duties of the president, including Art. IV, § 1(A), Art. IV, § 1(B), Art. IV, § 1(G), as well as general provisions of the Pacific Coast Longshore Contract Document. The charges brought against plaintiff lacked a specific factual basis. Plaintiff was therefore not served with "written specific charges," contrary to 29 U.S.C. § 411(a)(5)(A) and Art. IX, § 2 of the Constitution of Local 29.

///

26. Plaintiff appeared at the stop work meeting of the longshore division of Local 29 on January 9, 2008, to respond to the charges, at which time no recoding of the proceeding was conducted. After being inhibited from presenting a defense, plaintiff asked that the hearing be postponed to provide notice to all members of local 29 and for dismissal of the charges against him because they failed to meet the requirements necessary for a valid charge to be made under Local 29's Constitution. His request was denied; he was found guilty and recalled as president of Local 29.

27. That decision was timely and properly appealed by the plaintiff to the ILWU and Local 29, but all appeals were unsuccessful and denied.

28. Defendant Local 29's actions constitute arbitrary and capricious behavior against plaintiff in failing to serve him with specific charges, failing to give him sufficient time to prepare his defense and in denying him a full and fair recorded hearing contrary to 29 U.S.C. § 411(a)(5)(A), (B), and (C).

29. As a further and direct result of the acts of defendants as set forth above, plaintiff is entitled to a refund of the loss of salary, plus appropriate pre-judgment interest, injunctive relief enjoining the defendants from engaging in conduct contrary to the provisions of Local 29's Constitution and Bylaws in the future, and for attorney fees and costs incurred herein.

30. Further, the actions of defendants were willful, wanton, made with reckless disregard of the rights of plaintiff and others, and plaintiff is therefore entitled to an award of punitive damages in an amount to be proven at trial.

### THIRD CLAIM FOR RELIEF
### 29 U.S.C. §§ 411 and 412
*Against Both Defendants*

31. Plaintiff realleges and incorporates by reference the allegations set forth above.

///

32. The actions of Local 29 in recalling plaintiff were contrary to the provisions of the Bylaws and Constitution of Local 29 and the Constitution of the ILWU, which limit the discretion of the membership in recalling elected union officers. Defendants' actions in recalling plaintiff were therefore arbitrary, capricious and in bad faith.

33. Further, the charges brought against plaintiff were channeled directly to the general membership, contrary to the provisions of the Constitution and Bylaws of Local 29 and the ILWU.

34. As a direct and proximate result of the defendant's actions as set forth above, plaintiff has been directly and legally caused to suffer lost earnings and benefits, past, present, and future, and for emotional suffering and anguish entitling him to noneconomic and economic damages in amounts to be proven at trial, together with reasonable attorney fees and costs.

## FOURTH CLAIM FOR RELIEF

## 29 U.S.C. §§ 481 and 482

*Against Both Defendants*

35. Plaintiff realleges and incorporates by reference the allegations set forth above.

36. The actions of Local 29 in recalling plaintiff were contrary to the provisions of the Bylaws and Constitution of Local 29 and the Constitution of the ILWU, which limit the discretion of the membership in recalling elected union officers.

37. As a direct and proximate result of the defendant's actions as set forth above, plaintiff has been directly and legally caused to suffer lost earnings and benefits, past, present, and future, and for emotional suffering and anguish entitling him to noneconomic and economic damages in amounts to be proven at trial, together with reasonable attorney fees and costs.

///

## FIFTH CLAIM FOR RELIEF

### Breach of Contract

*Against Both Defendants*

38. Plaintiff realleges and incorporates by reference the allegations set forth above.

39. Defendants breached their contractual obligation to plaintiff in failing to comply with the provisions of the ILWU's Constitution and Bylaws, the Constitution and Bylaws of Local 29, and the Pacific Coast Longshore Contract Document.

40. As a direct and proximate result of the defendants' breach of contract, plaintiff was removed from his position as president of Local 29 and defendants are trying to arbitrarily oppose plaintiff's ability to be dispatched as a super cargo clerk. Plaintiff is therefore entitled to consequential economic damages for lost earnings and benefits, past, present, and future, including appropriate incidental damages, and such other appropriate and equitable relief, including, but not limited to, the issuance of an injunction, with back-pay and pre-judgment interest, and payment of his attorney feed and costs incurred herein.

## SIXTH CLAIM FOR RELIEF

### Breach of Covenant of Good Faith and Fair Dealing

*Against Both Defendants*

41. Plaintiff realleges and incorporates by reference the allegations set forth above.

42. Defendants breached the covenant of good faith and fair dealing which is implied in the above-mentioned contract documents, all to plaintiff's economic damage in an amount to be proven at trial, with attorney fees, costs, and appropriate injunctive relief as set forth above.

///

///

## SEVENTH CLAIM FOR RELIEF

### Tortious Interference with Economic Relations

*Against Defendant Local 29*

43. Plaintiff realleges and incorporates by reference the allegations set forth above.

44. Defendant Local 29's actions in failing to comply with the provisions and procedures of its Constitution and Bylaws constitutes a tortious interference with economic relationship existing between plaintiff and employers subject to a collective bargaining agreement with Local 29. The interference was performed with an improper motive and/or accomplished by improper means.

45. As a direct and proximate result of defendant's actions, plaintiff has sustained both economic and noneconomic damages in amounts to be proven at trial.

WHEREFORE, plaintiff prays for judgment against defendants as follows:

(1) On his First, Second, Third, and Fourth Claims for Relief, for economic damages in amount to be proven at trial, including, but not limited to, lost wages, benefits, impaired earning capacity, and noneconomic damages for emotional distress, together with legal or equitable and injunctive relief as may be appropriate, and appropriate pre-judgment interest, attorney fees, and costs;

(2) On his Fifth and Sixth Claims for Relief, for economic damages in an amount to be proven at trial, including, but not limited to, lost earnings, fringe benefits, past, present, and future, and for appropriate consequential and incidental damages and for appropriate injunctive and equitable relief, together with pre-judgment interest, attorney fees, and costs;

(3) On his Seventh Claim for Relief, for economic and noneconomic damages in amounts to be proven at trial;

1  (4)  For costs and disbursements incurred herein; and

2  (5)  For such other and further relief as the Court deems just and equitable.

3  **PLAINTIFF DEMANDS TRIAL BY JURY.**

4  DATED: March 6, 2008          DEREK T. ANDERSON, ATTORNEY AT LAW

By _____
Derek T. Anderson
Attorney for Plaintiff, ABRAM RODRIGUEZ

```
         UNITED STATES
         DISTRICT COURT
      SOUTHERN DISTRICT OF CALIFORNIA
           SAN DIEGO DIVISION

       # 148543      - SH
       * * C O P Y * *
         March 07, 2008
           14:40:15


         Civ Fil Non-Pris
USAO #.: 08CV0433
Judge..: MARILYN L HUFF
Amount.:                  $350.00 CK
Check#.: BC1246



       Total-> $350.00



FROM: RODRIGUEZ V. INTERNATIONAL
      LONGSHORE UNION
```

JS 44   (Rev. 11/04)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
ABRAM RODRIGUEZ

**DEFENDANTS**
INTERNATIONAL LONGSHORE AND WAREHOUSE UNION, LOCAL 29; INTERNATIONAL LONGSHORE AND

(b) County of Residence of First Listed Plaintiff   **SAN DIEGO**
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant   SAN DIEGO
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

FILED
08 MAR -7 PM 2:35
CLERK U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY: ___ DEPUTY

(c) Attorney's (Firm Name, Address, and Telephone Number)
Derek T. Anderson, Attorney at Law, 1850 Fifth Avenue, San Diego, California 92101, (619) 237.0099

Attorneys (If Known)   **08 CV 0433 H BLM**

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1  U.S. Government Plaintiff
- ☒ 3  Federal Question (U.S. Government Not a Party)
- ☐ 2  U.S. Government Defendant
- ☐ 4  Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/Exchange |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | | | ☒ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | **Habeas Corpus:** | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations | ☐ 530 General | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition | | | |

## V. ORIGIN (Place an "X" in One Box Only)
- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
Labor Management Reporting and Disclosure Act Sections 412   29 USC § 412
Brief description of cause:
Statutory labor violations surrounding the recall of an elected union officer.

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $
CHECK YES only if demanded in complaint:
JURY DEMAND:  ☒ Yes  ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions):
JUDGE _____   DOCKET NUMBER _____

DATE   03/07/2008
SIGNATURE OF ATTORNEY OF RECORD   [signature]

**FOR OFFICE USE ONLY**

RECEIPT # 148543   AMOUNT $358   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

SA 3/7/08
CR