STEVEN HOLGUIN (CSB# 115768)
JOHN KIM (CSB # 232957)
HOLGUIN, GARFIELD & MARTINEZ
800 West Sixth Street, Suite 950
Los Angeles, CA  90017
Telephone:  213/623-0170
Facsimile :  213/623-0171

Attorneys for Defendant
International Longshoremen and
Warehouse Union, Local 29

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ABRAM RODRIGUEZ, | Case No. 08 CV 0433 H BLM |
| Plaintiff, | |
| v. | **DEFENDANT INTERNATIONAL LONGSHORE AND WAREHOUSE UNION LOCAL 29's ANSWER TO PLAINTIFF'S COMPLAINT** |
| INTERNATIONAL LONGSHORE AND WAREHOUSE UNION LOCAL 29; INTERNATIONAL LONGSHORE AND WAREHOUSE UNION, | |
| Defendants. | |
| | Complaint filed:   March 7, 2008 |

Defendant International Longshore and Warehouse Union Local 29 ("Local 29" or "Defendant") for itself only, answers Plaintiff Abram Rodriguez's complaint ("Complaint") as follows:

## PRELIMINARY STATEMENT

1. Local 29 admits that Plaintiff has been recalled from the office of President of Local 29.  Local 29 denies all other allegations contained in paragraph 1 of the Complaint, and on that basis denies the same.

/ / /

/ / /

1

**DEFENDANT ILWU, LOCAL 29's ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT**

**JURISDICTION**

2. Paragraph 2 of the Complaint asserts legal conclusions as to which no response is required.

3. Paragraph 3 of the Complaint asserts legal conclusions as to which no response is required.

**PARTIES**

4. Local 29 admits the allegations in paragraph 4 of the Complaint.

5. Local 29 admits that Plaintiff was a longshore worker and a registered member of Local 29.  Local 29 admits that it is a labor organization that represents longshore workers in the Port of San Diego.  Local 29 admits that it is the collective bargaining agent for its members and is headquartered in San Diego, California.  Local 29 denies all other allegations in paragraph 5 of the Complaint.

6. Local 29 admits that the International Longshore and Warehouse Union ("ILWU") is headquartered in San Francisco, California.  Local 29 does not have sufficient information or knowledge to base a response to the other allegations contained in paragraph 6 of the Complaint, and on that basis denies the same.

**FIRST CLAIM FOR RELIEF**

7. Local 29 reaffirms its responses in paragraphs 1-6.

8. Local 29 admits that Plaintiff was a member of Local 29 and has been for a number of years.  Local 29 admits that Plaintiff has held union office in the past.  Local 29 admits that on or about June 2007, Plaintiff was elected as president of Local 29.

9. Local 29 admits the allegations in paragraph 9 of the Complaint.

10. Local 29 admits that Plaintiff was presented with a recall petition and asked to step down from office on or about December 11, 2007.  Local 29 denies all other allegations in paragraph 10 of the Complaint.

///

///

**DEFENDANT ILWU, LOCAL 29's ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT**

11. Local 29 does not have sufficient information or knowledge to base a response to the allegations contained in paragraph 11 of the Complaint, and on that basis denies the same.

12. Local 29 denies the allegations in paragraph 12 of the Complaint.

13. Local 29 denies the allegations in paragraph 13 of the Complaint.

14. Local 29 does not have sufficient information or knowledge to base a response to the allegations contained in paragraph 14 of the Complaint, and on that basis denies the same.

15. Local 29 denies the allegations in paragraph 15 of the Complaint.

16. Local 29 admits that a letter from Plaintiff to Local 29 dated January 11, 2008 was submitted. Local 29 does not have sufficient information or knowledge to base a response to the other allegations contained in paragraph 16, and on that basis denies the same.

17. Local 29 denies the allegation in paragraph 16 of the Complaint.

18. Local 29 does not have sufficient information or knowledge to base a response to the allegations contained in paragraph 18 of the Complaint, and on that basis denies the same.

19. Local 29 admits that a letter was given to Plaintiff by the acting President of Local 29 on or about February 8, 2008. The letter included attachments consisting of a criminal docket sheet and a complementary newspaper article about a man named "Abraham Rodriguez" who fraudulently charged $3,000 to undocumented immigrants in exchange for false immigration papers. The letter requested Plaintiff to confirm or deny his identity as the same person identified in the attachments. Local 29 denies all other allegations in paragraph 19 of the Complaint.

20. Paragraph 20 of the Complaint asserts legal conclusions as to which no response is required.

21. Paragraph 21 of the Complaint asserts legal conclusions as to which no response is required.

3
**DEFENDANT ILWU, LOCAL 29's ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT**

22. Local 29 denies the allegations in paragraph 22 of theComplaint.

23. Paragraph 23 of the Complaint asserts legal conclusions as to which no response is required.

## SECOND CLAIM FOR RELIEF

24. Local 29 reaffirms its responses to paragraphs 1-23.

25. Local 29 denies the allegations in paragraph 25 of the Complaint.

26. Local 29 admits that there was a meeting on January 9, 2008, and that Plaintiff was present at the meeting. Local 29 denies all other allegations in paragraph 26 of the Complaint.

27. Local 29 denies the allegations in paragraph 27 of the Complaint.

28. Paragraph 28 of the Complaint asserts legal conclusions as to which no response is required.

29. Local 29 denies the allegations in paragraph 29 of the Complaint.

30. Paragraph 30 of the Complaint asserts legal conclusions as to which no response is required.

## THIRD CLAIM FOR RELIEF

31. Local 29 reaffirms its responses to paragraphs 1-30.

32. Local 29 denies the allegations in paragraph 32 of the Complaint.

33. Local 29 denies the allegations in paragraph 33 of the Complaint.

34. Paragraph 34 of the Complaint asserts legal conclusions as to which no response is required.

## FOURTH CLAIM FOR RELIEF

35. Local 29 reaffirms its responses to paragraphs 1-34.

36. Local 29 denies the allegations in paragraph 36 of the Complaint.

37. Paragraph 37 of the Complaint asserts legal conclusions as to which no response is required.

///

///

**DEFENDANT ILWU, LOCAL 29's ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT**

**FIFTH CLAIM FOR RELIEF**

38. Local 29 reaffirms its responses to paragraphs 1-37.

39. Local 29 denies the allegations in paragraph 39 of the Complaint.

40. Paragraph 40 of the Complaint asserts legal conclusions as to which no response is required.

**SIXTH CLAIM FOR RELIEF**

41. Local 29 reaffirms its responses to paragraphs 1-40.

42. Paragraph 42 of the Complaint asserts legal conclusions as to which no response is required.

**SEVENTH CLAIM FOR RELIEF**

43. Local 29 reaffirms its responses to paragraphs 1-42.

44. Paragraph 44 of the Complaint asserts legal conclusions as to which no response is required.

45. Local 29 denies the allegations in paragraph 45 of the Complaint.

**AFFIRMATIVE DEFENSES**

1. Plaintiff's complaint fails to state a cause of action upon which relief can be granted.

2. Plaintiff's claims, or some of them, are barred and preempted by federal labor law.

3. Plaintiff's claims are barred for failure to exhaust grievance procedures and contractual remedies under the Local 29 Constitution and ILWU Constitution.

4. Plaintiff's claims are barred for failure to exhaust administrative remedies with the United States Department of Labor.

5. Plaintiff's claims are barred by waiver and/or estoppel.

6. Plaintiff's claims are barred by laches.

7. Plaintiff's claims are barred by applicable statutes of limitations

8. Plaintiff's claim for damages is precluded by Plaintiffs' failure to mitigate damages.

**DEFENDANT ILWU, LOCAL 29's ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT**

9. Plaintiff's claim for attorney's fees, pain and suffering damages, liquidated or punitive damages are barred and/or preempted by the Labor Management Relations Act and other federal labor laws.

10. Plaintiff fails to state a cause of action for compensatory and punitive damages.

11. Plaintiff's claim for injunctive relief is barred by the Norris La Guardia Act and other federal labor laws.

12. Plaintiff's claim for injunctive relief is barred because Plaintiff has an adequate remedy at law.

13. Plaintiff's claims are barred by illegality.

14. Plaintiff's claims are barred by fraud.

15. Plaintiff's claims are barred by Plaintiff's unclean hands.

16. Plaintiff's claims are barred by justification.

17. Plaintiff's claims are barred by privilege.

WHEREFORE, Defendant Local 29 prays:

1. That Plaintiff takes nothing by the Complaint and that it be dismissed with prejudice.

2. That judgment be entered in favor of Defendant Local 29.

3. That Defendants be awarded attorney's fees, costs, and other relief as the Court may deem just and proper.

DATED: June 27, 2008          HOLGUIN, GARFIELD & MARTINEZ

By:     /s/
John Kim
Attorneys for Defendant
International Longshore and
Warehouse Union, Local 29

# PROOF OF SERVICE

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and am not a party to the within action; my business address is 800 West Sixth Street, Suite 950, Los Angeles, CA 90017.

On **June 27, 2008**, I served the foregoing document(s) described as: **DEFENDANT ILWU, LOCAL 29's ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT** on all interested parties in this action by placing true copies thereof enclosed in a sealed envelope as follows:

Derek T. Anderson, Attorney at Law          *Plaintiffs*
1850 Fifth Avenue
San Diego, CA 92101
Tel.: (619) 237-0099
Fax: (619) 237-0199

( X )   **(By U.S. Mail)** I am readily familiar with my employer's business practice for collection and processing mail with the United States Postal Service. Under that practice, the envelope(s) addressed to the above party(ies) would be deposited with the U.S. Postal Service at Los Angeles, California, on the same day with pre-paid postage thereon. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter is more than one day after date of deposit for mailing in affidavit.

(X)   **(FEDERAL)** I declare that I am employed in the office of a member of the Bar of this Court at whose discretion the above service was made. I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on **June 27, 2008**, at Los Angeles, California.


                                /s/
                            Susan Sarff

---

7

**DEFENDANT ILWU, LOCAL 29's ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT**