BETH A. ROSS (SBN 141337)
ROBERT S. REMAR (SBN 100124)
LEONARD CARDER, LLP
1188 Franklin Street, Suite 201
San Francisco, CA 94109
Telephone: 415/771-6400
Facsimile: 415/771-7010

Attorneys for Defendant
INTERNATIONAL LONGSHORE
AND WAREHOUSE UNION

FILED
JUL - 7 2008
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY  E C    DEPUTY

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ABRAM RODRIGUEZ,<br><br>Plaintiff,<br><br>V<br><br>INTERNATIONAL LONGSHORE AND WAREHOUSE UNION LOCAL 29; INTERNATIONAL LONGSHORE AND WAREHOUSE UNION,<br><br>Defendants. | Case No. 08-CV-0433-H-BLM<br><br>**DEFENDANT INTERNATIONAL LONGSHORE AND WAREHOUSE UNION'S ANSWER TO PLAINTIFF'S COMPLAINT**<br><br>Complaint filed: March 7, 2008 |

Defendant International Longshore and Warehouse Union ("ILWU") for itself only, answers Plaintiff Abram Rodriguez's complaint ("Complaint") as follows:

**PRELIMINARY STATEMENT**

1.  ILWU admits that Plaintiff has been recalled from the office of President of Local 29. ILWU denies all other allegations contained in paragraph 1 of the Complaint, and on that basis denies the same.

///

1

**DEFENDANT ILWU ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT**

## JURISDICTION

2. Paragraph 2 of the Complaint asserts legal conclusions as to which no response is required.

3. Paragraph 3 of the Complaint asserts legal conclusions as to which no response is required.

## PARTIES

4. ILWU admits the allegations in paragraph 4 of the Complaint.

5. ILWU admits that Plaintiff was a longshore worker and a registered member of Local 29. ILWU admits that Local 29 is a labor organization that represents longshore workers who work primarily in the Port of San Diego. ILWU admits that Local 29 is the collective bargaining agent for its members and is headquartered in San Diego, California.

6. ILWU admits that it is headquartered in San Francisco, California. ILWU admits that it is the parent organization of all longshore locals in California, Oregon and Washington. ILWU admits that it acts as the appellate body for certain disciplinary actions brought against members. ILWU denies that it was obligated to ajudicate the appeal of the Plaintiff under the circumstances presented.

## FIRST CLAIM FOR RELIEF

7. ILWU reaffirms its responses in paragraphs 1-6.

8. ILWU admits that Plaintiff was a member of Local 29 and has been for a number of years. ILWU admits that Plaintiff has held union office in the past. ILWU admits that on or about June 2007, Plaintiff was elected as president of Local 29.

9. ILWU admits the allegations in paragraph 9 of the Complaint.

10. ILWU denies all allegations in paragraph 10 of the Complaint.

11.  ILWU admits that on December 14th, 2007 it received a letter from the plaintiff requesting intervention to remedy an internal Local 29 conflict. ILWU denies all other allegations therein.

12.  ILWU denies the allegations in paragraph 12 of the Complaint. ILWU affirmatively alleges that in or about September, 2007, Plaintiff secured for himself and his brother a promotion to the supercargo clerks list in violation of the Pacific Coast Clerks' Contract Document, which governs such employment, and federal and state law.

13.  ILWU denies the allegations in paragraph 13 of the Complaint.

14.  ILWU admits that it received a letter from the Plaintiff's counsel on or about January 10, 2007. ILWU denies all other allegations therein.

15.  ILWU denies the allegations in paragraph 15 of the Complaint.

16.  ILWU admits that a letter from Plaintiff to Local 29 dated January 11, 2008 was submitted. ILWU denies all other allegations in paragraph 16.

17.  ILWU denies the allegation in paragraph 17 of the Complaint.

18.  ILWU denies the allegations contained in paragraph 18 of the Complaint.

19.  ILWU admits that it received a copy of a letter that was given to Plaintiff by the acting President of Local 29 on or about February 8, 2008. The letter included attachments consisting of a criminal docket sheet and a complementary newspaper article about a man named "Abraham Rodriguez" who fraudulently charged $3,000 to undocumented immigrants in exchange for false immigration papers. The letter requested Plaintiff to confirm or deny his identity as the same person identified in the attachments. ILWU denies all other allegations in paragraph 19 of the Complaint.

20.  ILWU denies the allegations in paragraph 20 and affirmatively alleges that

Plaintiff has failed to exhaust available contractual and administrative remedies.

21. ILWU denies the allegations in paragraph 21 of the Complaint.

22. ILWU denies the allegations in paragraph 22 of the Complaint.

23. ILWU denies the allegations in paragraph 23 of the Complaint.

## SECOND CLAIM FOR RELIEF

24. ILWU reaffirms its responses to paragraphs 1-23.

25. ILWU denies the allegations in paragraph 25 of the Complaint.

26. ILWU admits that there was a meeting on January 9, 2008, and that Plaintiff was present at the meeting. ILWU denies all other allegations in paragraph 26 of the Complaint.

27. ILWU denies the allegations in paragraph 27 of the Complaint.

28. ILWU denies the allegations in paragraph 28 of the Complaint.

29. ILWU denies the allegations in paragraph 29 of the Complaint.

30. ILWU denies the allegations in paragraph 30 of the Complaint.

## THIRD CLAIM FOR RELIEF

31. ILWU reaffirms its responses to paragraphs 1-30.

32. ILWU denies the allegations in paragraph 32 of the Complaint.

33. ILWU denies the allegations in paragraph 33 of the Complaint.

34. ILWU denies the allegations in paragraph 34 of the Complaint.

## FOURTH CLAIM FOR RELIEF

35. ILWU reaffirms its responses to paragraphs 1-34.

36. ILWU denies the allegations in paragraph 36 of the Complaint.

37. ILWU denies the allegations in paragraph 37 of the Complaint.

## FIFTH CLAIM FOR RELIEF

38. ILWU reaffirms its responses to paragraphs 1-37.

39. ILWU denies the allegations in paragraph 39 of the Complaint.

40. ILWU denies the allegations in paragraph 40 of the Complaint.

## SIXTH CLAIM FOR RELIEF

41. ILWU reaffirms its responses to paragraphs 1-40.

42. ILWU denies all allegations in paragraph 42 of the Complaint.

## SEVENTH CLAIM FOR RELIEF

43. ILWU reaffirms its responses to paragraphs 1-42.

44. ILWU denies all allegations in paragraph 44 of the Complaint.

45. ILWU denies the allegations in paragraph 45 of the Complaint.

## PRAYER FOR RELIEF

The ILWU denies all allegations in Plaintiff's Prayer for Relief

## AFFIRMATIVE DEFENSES

1. Plaintiff's complaint fails to state a cause of action upon which relief can be granted.

2. Plaintiff's claims, or some of them, are barred and preempted by federal labor law.

3. Plaintiff's claims are barred for failure to exhaust grievance procedures and contractual remedies under the Local 29 Constitution and ILWU Constitution.

4. Plaintiff's claims are barred for failure to exhaust administrative remedies with the United States Department of Labor.

5. Plaintiff's claims are barred by waiver and/or estoppel.

6. Plaintiff's claims are barred by laches.

7. Plaintiff's claims are barred by applicable statutes of limitations

8. Plaintiff's claim for damages is precluded by Plaintiffs' failure to mitigate damages.

9. Plaintiff's claim for attorney's fees, pain and suffering damages, liquidated or punitive damages are barred and/or preempted by the Labor Management Relations Act and other federal labor laws.

10. Plaintiff fails to state a cause of action for compensatory and punitive damages.

11. Plaintiff's claim for injunctive relief is barred by the Norris La Guardia Act and other federal labor laws.

12. Plaintiff's claim for injunctive relief is barred because Plaintiff has an adequate remedy at law.

13. Plaintiff's claims are barred by illegality.

14. Plaintiff's claims are barred by fraud.

15. Plaintiff's claims are barred by Plaintiff's unclean hands.

16. Plaintiff's claims are barred by justification.

17. Plaintiff's claims are barred by privilege.

18. At all times, Defendant ILWU made a good faith effort to comply with state and laws regarding due process under the LMRDA, contracts, good faith and fair dealing.

19. Plaintiff's claims for damages, fees, and costs are barred in whole or in part because defendant ILWU would have made the same decisions regarding Plaintiff in the absence of any alleged impermissible motivating factors or procedure, the presence of which are denied.

20. Plaintiff's own deliberate, willful and/or negligent conduct proximately caused or contributed to some of all of his damages and injuries alleged in the complaint. To the extent, if any, that the Plaintiff has suffered any emotional distress or mental anguish, Plaintiff's own conduct and willful or negligent acts and omissions proximately caused his emotional distress.

21. Plaintiff's claims are not actionable under the Labor Management Reporting and Disclosure Act (LMRDA). Accordingly, and independently, Plaintiff lacks standing to assert any claim against defendant ILWU or defendant Local 29 for removal from office under the LMRDA.

22. Defendant ILWU alleges that it has provided Plaintiff's counsel with sufficient information and evidence, and further that Plaintiff has had a reasonable opportunity for investigation and discovery to know and conclude that Plaintiff's claims are unreasonable, and/or were filed in bad faith and/or are frivolous with respect to defendant ILWU, and, for said reasons justify an award of attorney fees and costs against plaintiff and his attorney.

23. Plaintiff's claims against defendant ILWU are precluded by the fact that all conduct and decisions alleged in the complaint were undertaken by parties for whom defendant ILWU is not responsible. No other party in this action is or was at any material time an agent of defendant ILWU.

24. An award of punitive damages would be an unconstitutional denial of defendant's right to due process and/or equal protection under the Fifth and Fourteenth Amendments to the United States Constitution and Article I of the California Constitution.

25. Defendant ILWU presently has insufficient knowledge and/or information on which to form a belief as to whether it may have additional, as yet unstated, affirmative

defenses available. Defendant ILWU reserves the right to assert additional defenses if discovery indicates that such additional affirmative defenses would be appropriate.

WHEREFORE, Defendant ILWU prays:

1. That Plaintiff takes nothing by the Complaint and that it be dismissed with prejudice.

2. That judgment be entered in favor of Defendant ILWU.

3. That Defendants be awarded attorney's fees, costs, and other relief as the Court may deem just and proper.

DATED:   July 3, 2008        LEONARD CARDER, LLP

By: _____
BETH A. ROSS
Attorneys for Defendant
INTERNATIONAL LONGSHORE
AND WAREHOUSE UNION

## CERTIFICATE OF SERVICE

The undersigned declares under penalty of perjury that the following is true and correct. Declarant is employed in the City and County of San Francisco, State of California. Declarant is over the age of eighteen years and is not a party to the within action. Declarant's business address is 1188 Franklin Street, Suite 201, San Francisco, California 94109. On **July 3, 2008**, declarant served the within **DEFENDANT INTERNATIONAL LONGSHORE AND WAREHOUSE UNION'S ANSWER TO PLAINTIFF'S COMPLAINT** on the undernoted by placing a true copy thereof in a sealed envelope with postage thereon fully prepaid, in a United States Post Office mail box at San Francisco, addressed as follows:

DEREK T. ANDERSON, ESQ.
1850 FIFTH AVENUE
SAN DEIGO, CA 92101

JOHN KIM, ESQ.
HOLGUIN & GARFIELD, LLP
800 WEST SIXTH STREET, SUITE 950
LOS ANGELES, CA 90017

Executed at San Francisco, California on    **July 3, 2008**.

_/s/ Angela Ahn_
Angela Ahn