```
BETH A. ROSS (SBN 141337)
ROBERT S. REMAR (SBN 100124)
LEONARD CARDER, LLP
1188 Franklin Street, Suite 201
San Francisco, CA 94109
Telephone: 415/771-6400
Facsimile: 415/771-7010

Attorneys for Defendant
INTERNATIONAL LONGSHORE
AND WAREHOUSE UNION

JOHN KIM (SBN 232957)
HOLGUIN, GARFIELD & MARTINEZ
800 West Sixth Street, Suite 950
Los Angeles, CA 90017
Telephone: (213) 623-0170
Facsimile:  (213) 623-0171

Attorneys for Defendant
INTERNATIONAL LONGSHORE AND
WAREHOUSE UNION, LOCAL 29
```

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ABRAM RODRIGUEZ, | Case No. 08-CV-0433-H-BLM |
| Plaintiff, | **DEFENDANTS ILWU AND LOCAL 29's REQUEST FOR CLARIFICATION AND/OR EXTENSION OF RULE 26(f) DATES AND CMC** |
| V | |
| INTERNATIONAL LONGSHORE AND WAREHOUSE UNION LOCAL 29; INTERNATIONAL LONGSHORE AND WAREHOUSE UNION, | Complaint filed: March 7, 2008 |
| Defendants. | |

Pursuant to the court's Order Following ENE, dated August 11, 2008, defendants International Longshore and Warehouse Union (ILWU) and International Longshore and

Warehouse Union, Local 29 (Local 29), through respective counsel, hereby submit the following:

Defendants ILWU and Local 29 believe that there is confusion between the Order and the discussion with the court at the telephonic ENE conference held on August 11, 2008. It was the understanding of defendants' counsel that the court would hold another ENE conference and that discovery would not commence until the following matters were addressed:

1) Magistrate Judge Majors indicated at the August 11 conference that the court needed to determine whether the Magistrate Judge should recuse herself in the event that review of court records indicated that the Magistrate Judge was involved, through the U.S. attorneys office at that time, in the underlying criminal matter of *U.S. v. Rodriguez*, Case No. 3:94-cr-00099-T. Defendants submit that plaintiff's conviction in that case legally precludes him from holding union office under 29 U.S.C. 504, and bars plaintiff's instant civil action seeking damages for "wrongful" removal from union office. The parties have not yet received notice as to the status of the review as to possible recusal.

2) At the August 11 conference Plaintiff was ordered to meet and confer with defense counsel regarding his intent to file an amended complaint. Plaintiff counsel has not yet shared a draft amended complaint with defense counsel.

3) At the August 11 conference, defense counsel stated that 29 U.S.C. 504 requires the court to notify the U.S. Department of Labor for its possible participation in this action at least as to the section 504 issues. Defense counsel will send a letter to the Department of Labor giving such notice. Defendants believe and had understood that discovery would await possible intervention by the Department of Labor.

4) Consistent with this understanding, plaintiff counsel has not communicated with defense counsel regarding any Rule 26(f) Conference and none has yet been held.

Accordingly, defendants request that the court clarify the status of the case in light of the above and extend the dates specified in the court's Order Following ENE, dated August 11, 2008.

Dated: September 2, 2008                LEOANRD CARDER, LLP


By:     /s/ **Robert Remar**
        Robert Remar
        Attorneys for Defendant, INTERNATIONAL
        LONGSHORE AND WAREHOUSE UNION


Dated: September 2, 2008                HOLGUIN, GARFIELD & MARTINEZ, LLP


By:     /s/ **John Kim**
        John Kim
        Attorneys for Defendant, INTERNATIONAL
        LONGSHORE AND WAREHOUSE UNION,
        LOCAL 29